UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 06-80222-WRS
                                                         Chapter 13
WILLIE C. HARRIS,

     Debtor

## MEMORANDUM DECISION

This Chapter 13 bankruptcy case came before the Court for hearing on the Debtor's Motion for Exemption from Credit Counseling, (Doc. 4), on April 25, 2006. The Debtor was present by counsel F. Patrick Loftin and the Chapter 13 Trustee was present by counsel Sabrina McKinney.

## I. FACTS

The Debtor filed a petition in bankruptcy on April 7, 2006, pursuant to Chapter 13 of the Bankruptcy Code. At the same time, the Debtor filed a "Debtor's Certification and Requesting [sic] a waiver of Approved Budget and Credit Counseling." (Doc. 4). The sole basis alleged in the Certification is that he does not know how to use a computer.

## II. LAW

The Bankruptcy Code imposes a number of threshold requirements which must be met in order for one to file a petition in bankruptcy. These requirements may be found at 11 U.S.C. § 109. Section 109(h), of Title 11, United States Code provides, in part, as follows:

>  (1) Subject to paragraphs (2) and (3), and notwithstanding any
>  other provision of this section, an individual may not be a debtor
>  under this title unless such individual has, during the 180-day
>  period preceding the date of filing of the petition by such
>  individual, received from an approved nonprofit budget and credit

counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

\* \* \*

(3)(A) Subject to subparagraph (b), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that–

    (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

    (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and

    (iii) is satisfactory to the court.

This provision was added to Section 109 by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. (BAPCPA). Before an individual may file a petition in bankruptcy, he must receive budget and credit counseling from an agency which is authorized to give such counseling. This counseling must be received during the 180-day period preceding the date of filing. Congress created a narrow exception to this requirement of prefiling counseling, where the Debtor makes a certification. The requirements are as follows:

2

(1) The certification must describe exigent circumstances.

(2) The Debtor must have requested services which were denied for a five-day period.

(3) The certification must be acceptable to the Court.

The Court will examine the Debtor's certification here in light of the three requirements. As a preliminary matter, the Court notes that Section 109(h)(3) calls for a "certification." In this case, the Debtor has filed a certification. That is, the Debtor has signed the document. In other words, the certification must be signed, either electronically, or with a "pen and ink" signature of the Debtor. The lawyer's signature is not sufficient as it is not a statement of the Debtor.

The first requirement for a certification is that it describe "exigent circumstances." § 109(h)(3)(A)(i). The Bankruptcy Code does not define the term "exigent circumstances," however, referring to Black's Law Dictionary, the term is defined as "a situation that demands unusual or immediate action and that may allow people to circumvent unusual procedures." (Eighth Edition, 2004). The only circumstance which has been shown here is that the Debtor does not know how to use a computer. To be sure, one may receive the required counseling by way of the internet, alternate means of obtaining a briefing are available. For example, counseling may be obtained by telephone or in person. § 109(h)(1). Counseling over the internet is not available to the Debtor here because of his lack of computer skills. This is not an exigent circumstance which would excuse him from obtaining counseling.

The second requirement is that the Debtor must request counseling from an appropriate agency but be unable to obtain counseling for a five-day period. § 109(h)(3)(ii). The certification here does not make any such statement. Therefore, the second requirement is not met.

3

The third requirement is that the certification must be satisfactory to the Court. As the Debtor's certification here fails on both of the first two requirements, the Court need not consider this requirement further.

### III. CONCLUSION

As the Debtor's certification fails to satisfy the requirements of § 109(h)(3), the question becomes what should be done with the case. The Debtor requests 45 days to obtain counseling. However, the requirement for counseling is a threshold matter. A Debtor may not properly file a petition in bankruptcy unless he first obtains counseling, unless he makes the (h)(3) certification. As the Debtor has failed to comply with the § 109(h)(1) requirement for counseling, and as the Debtor has not made a proper certification under § 109(h)(3), he is not entitled to be a Debtor under Title 11. For this reason, the case must be dismissed. See, In re: Rodriguez, 336 B.R. 462 (Bankr. D. Idaho 2005)(dismissing case where certification failed to meet the (h)(3) requirements). If the Court were to allow the Debtor 45 days, where exigent circumstances are not shown, then the carefully prescribed procedure set forth here would be undermined. The Court will enter a separate order dismissing this case.

Done this 26th day of April, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: F. Patrick Loftin, Attorney for Debtor
   Curtis C. Reding, Trustee

4